J-S26025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN L. WHITE | : | |
| | : | |
| Appellant | : | No. 3949 EDA 2017 |

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012297-2008,
CP-51-CR-0015964-2008, CP-51-CR-0015967-2008

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:                **FILED JULY 23, 2019**

Appellant, Kevin L. White, appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas, which denied as untimely his first

petition filed under the Post Conviction Relief Act ("PCRA").[1]  On January 26,

2009, Appellant pled guilty to first-degree murder at two docket numbers, and

endangering the welfare of a child, simple assault, and indecent exposure at

a third docket number.  The court sentenced Appellant to life imprisonment

without the possibility of parole, and Appellant sought no direct review.  On

June 13, 2016, Appellant filed his first PCRA petition *pro se*, and subsequently

filed six amended *pro se* petitions.  The PCRA court appointed counsel, and on

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Retired Senior Judge assigned to the Superior Court.

June 10, 2017, counsel filed a petition to withdraw and a ***Turner/Finley***[2] no-merit letter. The court issued Rule 907 notice on June 16, 2017, and Appellant filed a *pro se* response. On August 10, 2017, the court issued a second Rule 907 notice at one of the docket numbers due to the court inadvertently listing the wrong docket number on the original Rule 907 notice. On November 21, 2017, the court dismissed Appellant's petition and permitted counsel to withdraw. Appellant timely filed a *pro se* notice of appeal on November 30, 2017.[3] On December 1, 2017, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the time-bar excuse the late filing of a petition

---

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant filed his single notice of appeal prior to June 1, 2018. Thus, his case does not present a jurisdictional issue pursuant to ***Commonwealth v. Walker***, ___ Pa. ___, 185 A.3d 969 (2018).

in limited circumstances; a petitioner must assert an exception within 60 days of when the claim could have first been presented.[4] 42 Pa.C.S.A. § 9545(b)(1-2). "A claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000).

Instantly, the judgment of sentence became final on February 25, 2009, upon expiration of the time to file a notice of appeal with the Superior Court. *See* Pa.R.A.P. 903(a). Appellant filed his current petition on June 13, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "newly-discovered facts" exception to the statutory time-bar per Section 9545(b)(1)(ii), claiming he recently discovered through the help of "jailhouse lawyers" that his attorney led him to plead guilty to first-degree murder when Appellant was actually guilty of third-degree murder.[5]

---

[4] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

[5] Issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). Instantly, the trial court opinion addresses additional "newly-discovered facts," which Appellant previously raised in an effort to satisfy the PCRA time-bar. (*See* Trial Court Opinion, filed January 12, 2018, at 6). Appellant only mentions one of these arguments in his Rule 1925(b) statement, however. As a result, Appellant has waived these additional claims on appeal. *See Castillo, supra*.

This claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1); **Gamboa-Taylor, supra**. Accordingly, the PCRA court properly dismissed Appellant's petition as untimely. **See Zeigler, supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/19